IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARD JARRETT, #11157-030**

        Petitioner,

    vs.                        Civil Case No.   12-cv-690-DRH

**JAMES N. CROSS, Warden,**

        Respondent.

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court is petitioner Edward Jarrett's § 2241 petition for a writ of habeas corpus (Doc. No. 1). Jarrett is serving a 12-year sentence imposed in December, 2010. He filed this action while he was confined at FCI-Greenville. Jarrett is now confined at USP-Victorville, in Adelanto, California. He challenges prison disciplinary proceedings resulting in disallowance of 41 days of good conduct time, 60 days of disciplinary segregation, and 180 days lost privileges. Liberally viewing the allegations in the petition, Jarrett raises the following grounds for habeas relief:

> **Ground 1**: That he was disciplined in violation of the procedural protections of the Due Process Clause when he was found guilty of possessing a homemade weapon without some evidence that he possessed the weapon;

**Ground 2**: That he was disciplined in violation of the Equal Protection Clause when the Bureau of Prisons dismissed and expunged all charges against inmate Dante Hardin.

Jarrett alleges that he and inmate Dante Hardin were both charged with disciplinary misconduct after an 8-inch sharpened metal rod was discovered by J. Massa during a search of their cell (B-05-124) at FCI-Greenville. The weapon was found under a locker assigned to Jarrett. J. Massa, the charging officer, thought Jarrett possessed the weapon but described the space under Jarrett's locker as a common area and noted that the space was accessible to both inmates. Following a hearing in November, 2011, the disciplinary hearing officer (DHO) weighed the evidence and decided that the statement of the charging officer was entitled to "greater weight." Even so, the DHO decided that Jarrett was responsible for a weapon found in the space under his locker because that space was assigned to him. The DHO rejected the suggestion that the space under Jarrett's locker was a common area. The sanctions imposed included 41 days of disallowed good conduct time.

Jarrett may receive up to 54 days of credit towards service of his 12-year sentence at the end of each year if the Bureau determines that he has "displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b). Credit awarded under this statue vests on the date the prisoner is released from custody and is subject to disciplinary disallowance. 18 U.S.C. § 3624(b)(1), (2); 28 C.F.R. § 541.4(b)(1).

For the following reasons, the Court concludes that the petition does not survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing

Section 2254 Cases in the United States District Courts.[1]

**Ground 1**. Jarrett may be able to show that he was deprived of a cognizable liberty interest. *See Vega v. United States*, 493 F.3d 310, 314 (3rd Cir. 2007). One of the procedural protections afforded to inmates by the Due Process Clause is the requirement that prison disciplinary decisions be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Jarrett can show that the record permitted a finding that the weapon was discovered in a common area accessible to both inmates. Assuming that the DHO should have given the statement made by J. Massa significant weight, the reporting officer's statement would not support an award of habeas relief because the "some evidence" standard is a lenient standard. The Court asks "whether there is *any* evidence in the record that *could* support the conclusion reached" by the DHO. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)(emphasis in original). This standard is met with evidence of constructive possession. *Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992); *Mason v. Sargent*, 898 F.2d 679, 679-80 (8th Cir. 1990). Accordingly a finding that the weapon was found in a common space accessible to both Jarrett and Dante Hardin would not reveal a violation of the Due Process Clause.

**Ground 2**. Jarrett's equal protection claim also lacks plausible merit. Jarrett complains that he was disciplined and subjected to sanctions while allegations against Dante Hardin were dismissed and expunged. These assertions do not suggest that Jarrett was singled out for discipline because of his membership in an identifiable group or class. *New Burnham Prairie Homes, Inc. v. Village fo*

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the Rules to other habeas corpus cases.

–4–

*Burnham*, 910 F.2d 1474, 1481 (7th Cir. 1990).

**IT IS ORDERED** that Edward Jarrett's petition for a writ of habeas corpus (Doc. No. 1) is **DENIED** and this action is **DISMISSED** with prejudice.

**SO ORDERED:**

**August 21, 2012**

Digitally signed by
David R. Herndon
Date: 2012.08.21
11:33:12 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**